Opinion by
Hurt, J.
§ 665. Overvaluation of property insured will avoid policy, when; erroneous charge as to; case stated. Eakin sued the insurance company upon a policy of insurance issued by it to him, insuring a building against loss or damage not to exceed $750. • The defense was that Eakin procured the policy by fraud, by representing that the building was worth $1,000, which representation was alleged to be false and fraudulently made; that the company relied and acted upon said representation in issuing the policy; that said building at the time the policy issued was not worth more than $100. Eakin recovered judgment for the amount of the policy, the building-having been totally destroyed by fire. As to the value of the building at the time the policy issued, there was much conflict in the evidence. Plaintiff in error, in its fourth assignment of error, complains of the following charge of the court: ‘ ‘ I charge you that the overvaluation, if any, of the house, to avoid the policy, must have been a gross and clear overvaluation, or such as must be presumed to have been known by plaintiff, and fraudulently and intentionally made by him; hence, although you may believe from the evidence that the plaintiff did overvalue said house, yet, if you further believe from the evidence that such overvaluation was not fraudulently and intentionally made by him, you will find for the plaintiff.” Now, if the overvaluation of the house was so clear and gross as to be presumed to have been known and intended *588 by the plaintiff, and by him. fraudulently made, evidently there is no room for an honest error on the part of the plaintiff. If to avoid a policy the overvaluation must have been made knowingly, intentionally and fraudulently, and that the same was clearly and grossly such, then this charge is correct; otherwise it is not. What, then, is the law governing this question? Mr. May, in his work on Insurance, says: “But the law will not here interest itself in trifling discrepancies and insignificant differences, such as may be readily accounted for by that natural tendency to overestimate, which self-interest always engenders; the overvaluation, in order to work a forfeiture of the right of recovery, must be a clear one; so clear that it is obvious at a glance, and cannot be accounted for upon the principle that every man is naturally prone to put a favorable estimate upon his own. It is not necessary that the overvaluation be intentional and fraudulent, to have the effect of vitiating the policy. The effect is the same if it be done by mistake; and overvaluation by the agent is imputable to the principal.” [May on Ins. (2d ed.) § 373.]
April 22, 1885.
§ 666. Misrepresentation; knowledge and intent of party making, is immaterial. “Whether a party misrepresenting a fact knew it to be false, or made the assertion without knowing it was true or false, is wholly immaterial; for it has been justly said, the affirmation of what one does not know or believe to be true is equally, in morals and law, as unjustifiable as the affirmation of what is known to be positively false.” [Mitchell v. Zimmerman, 4 Tex. 79; Henderson v. R’y Co. 17 Tex. 560; 1 Story Eq. § 193; 9 Vesey Rep. 21.] Because of the error in the charge of the court, the judgment is reversed and the cause is remanded.
Eeversed and remanded.